Totten, J.
delivered the opinion of the court.
The action is trover — the verdict and judgment were for plaintiff — and the defendant’s motion for a new trial having been overruled, he has appealed in error to this Court.
The error assigned, is the charge of the Court upon the following state of facts.
One William Wilhite, was indebted to the plaintiff in the sum of $90, in payment whereof, he sold and delivered to plaintiff a wagon, the property in question. Plaintiff and Wilhite afterwards made a contract in writing, by which the former sold to the latter, the wagon at $90, payable in hauling at a given rate, and within a given time. The vendor delivering possession expressly retained the right to the wagon, until the vendee should have fully complied with his part of the contract, and the right to resume possession, in case the vendee should fail to comply.
The vendee having failed to comply, according to his agreement, sent a message to plaintiff by his agent, to take the wagon if he wanted it; after this, the defendant, a sheriff, levied on it, in virtue of an attachment, and took it into possession; the plaintiff made demand of it, and being refused, instituted this suit.
There was parol proof tending to show, that the written contract before recited was in effect a mortgage on the wagon; to secure the plaintiff’s debt of ninety dollars. But the court instructed the jury that it was a conditional sale, and that there was no law requiring it to be registered.
In the first place, what is the legal character of the paper as it appears on its face ? It is not a mortgage: because, in the case of a mortgage, the legal title passes to the vendee, for the security of a debt. But here, the title is retained by *52 the vendor, and the vendee has only the possession and use. It is true, that the title is retained for the security of the debt, but on its payment, the title to the property would revert to. the vendor, if it were a mortgage'; but here, on payment of the debt, the vendee’s title to the property becomes absolute. See Gambling vs. Read, Meigs R., 284. Nor could its character in this respect be changed by parol evidence in a court of law. It would not be competent, in that forum, to prove a parol defeasance, and make the present sale, or an absolute sale in writing, appear a mortgage: such a practice would violate a well settled principle, that parol evidence is inadmissible to add to or explain a written contract. It is true, that when fraud is suggested, such evidence to impeach a written contract, is, in many cases, admissible. If there be in fact a parol defeasance to an absolute sale in writing, it is an equitable right, and must be asserted in a court of equity. But this contract was a conditional sale, and the condition was, that the title should remain in the vendor until the payment of the purchase money, and then vest in the purchaser. It is true, that the vendee’s possession is prima facie evidence of title, but it may be explained according to the truth of the case. See 2 Kent’s Com. 497, Houston vs. Dyche, Meigs R. 76. There was no necessity to register a contract like this: it would have the same validity, if it had been merely in parol. See Johnson vs. Jamison, 2 Hum. R. 298.
There is no question but that the plaintiff had the right of possession at the time of the conversion of this property. The vendee had abandoned and forfeited his right of purchase and possession, and notified the plaintiff to resume it, and accordingly the vendee was not in possession, at the time of the levy. See 2 Greenleaf’s Ev., sec. 640.
Let the judgment be affirmed.